**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY of INDIANA, as subrogee of Raymond Tusick<br>175 Berkeley Street<br>Boston, MA 02116 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br> CIVIL ACTION <br> NO.: <br> **JURY TRIAL DEMANDED** |
| Plaintiff, | | |
| ELECTROLUX HOME PRODUCTS, INC. | | |
| Defendant. | | |

**COMPLAINT**

1. Plaintiff, Safeco Insurance Company of Indiana ("Safeco"), is an insurance company incorporated in the State of Indiana, with a principal place of business located 17 Berkeley Street, Boston, MA 02116, which, at all times material hereto, was authorized to and did regularly and systematically write property insurance in and about the United States and the State of Ohio.

2. Defendant, Electrolux Home Products, Inc., ("Electrolux"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina, 28262, and at all times material hereto was engaged in the design, manufacture, assembly, sale and/or supply of dehumidifiers.

3. Defendant, Electrolux Home Products, Inc. is a distributor of electrical appliances, including dehumidifiers such as the one at issue in this case under the Frigidaire brand name (hereinafter "the product").

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as plaintiffs are citizens of a different state than all named defendants and the amount in controversy, for each plaintiff, is in excess of $75,000.00, exclusive of interest.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as the events giving rise to plaintiff's claims occurred in this judicial district.

## THE FIRE

6. At all times material hereto, Raymond Tusick was the owner and resident of a house located at 5180 Huron Street, Vermilion, Ohio.

7. At all times material hereto, plaintiff Safeco provided property insurance to Mr. Tusick for his interests in the property, including the contents and the loss of use.

8. Before September 24, 2021, Mr. Tusick purchased an Electrolux manufactured, Frigidaire branded dehumidifier in Ohio that had been manufactured for Electrolux by Midea.

9. The dehumidifier in the Tusick residence (hereinafter the "Tusick dehumidifier") had been manufactured, sold and distributed by the defendant.

10. On September 24, 2021, the Frigidaire brand dehumidifier failed, causing a fire.

11. The fire caused smoke, flame and water damage to the real and personal property of the Tusicks' as well as loss of use of said property.

12. Pursuant to the policy of insurance between Safeco and Mr. Tusick, Safeco has compensated him for his losses in an amount in excess of $700,000.00.

13. Safeco is subrogated, to the extent of its payments, to the interests of Mr. and Mrs. Tusick.

## COUNT I:  PRODUCTS LIABILITY

14. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

15. The dehumidifier was not abused or altered in any way by the plaintiff's insureds from the condition in which it was manufactured and supplied by the defendants.

16. Defendants are liable and legally responsible to the plaintiff for damages caused by the fire by virtue of Ohio Product Liability Act, in one or more of the following respects:

   a) the dehumidifier was sold in a defective and unreasonably dangerous condition;

   b) the defendant designed, manufactured and sold the dehumidifier in a condition that it knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

   c) the defendant designed and manufactured the dehumidifier in a condition that was nor merchantable or fit for the purpose for which such products are ordinarily and foreseeable used;

   d) the defendant failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the dehumidifier;

   e) the defendant failed to design the dehumidifier so that foreseeable failures of the dehumidifier and its components would not present a fire hazard;

   f) the defendant negligently designed and manufactured the dehumidifier;

   g) the defendant was negligent in failing to properly and adequately test the dehumidifier adapter prior to marketing it; and

   h) the defendant breached the implied warranty of merchantability in that the dehumidifier was not merchantable for its intended purpose.

17. As a direct result of the Defendant's liability pursuant to the Ohio Product Liability Act, the fire occurred resulting in damage to the Property.

WHEREFORE, plaintiff, respectfully requests that this Court enter judgment in its favor and against defendant in an amount in excess of $700,000.00 together with interest and the costs of this action.

## JURY DEMAND

Plaintiffs hereby demand this matter be tried to a jury.

Dated: 9/22/2022                                                                                  Respectfully submitted,

                                                      BY:   /s/ Andrew Avellano
                                                                  Andrew P. Avellano, Esquire
                                                                  (Attorney ID No. 0062907)
                                                                  4200 Regent Street
                                                                  Suite 200
                                                                  Columbus, OH  43219
                                                                  (614) 237-8050
                                                                  andy@drewavo.com
                                                                  *Attorney for Plaintiffs*

OF COUNSEL:

*To Be Admitted Pro Hac Vice*
William N. Clark, Jr., Esquire
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Ste. 2800
Philadelphia, PA 19103
(215) 665-4101
(215) 665- 2013 (Fax)
wclark@cozen.com

4